IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UPS FREIGHT, f/k/a OVERNIGHT TRANSPORTATION COMPANY<br>　　　　Plaintiff<br><br>　　　　v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, and C.C. EASTERN, INC.<br>　　　　Defendants. | C.A. No. 06-137 Erie<br><br>District Judge McLaughlin<br><br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendant C.C. Eastern [Document # 19] be granted.

**II.   REPORT**

　　**A.   Relevant Procedural History**

On June 16, 2006, Plaintiff UPS Freight, formerly known as Overnight Transportation Company[1], filed the instant action for declaratory judgment against Defendant National Union Fire Insurance Company of Pittsburgh.[2]  Plaintiff was allowed to file a second amended

---

[1] The parties, as well as the state court, continue to refer to Plaintiff UPS Freight as Overnight.  In order to avoid any unnecessary confusion, this Court will also refer to Plaintiff as Overnight.

[2] As relief against Defendant National Union, Plaintiff seeks: a) a declaration that National Union owes a duty to defend Overnight against claims asserted against it in a state court negligence action; b) a declaration that National Union is obligated to immediately

1

complaint on October 30, 2006, adding C.C. Eastern as a Defendant in this action. Document # 14. As relief against C.C. Eastern, Plaintiff primarily seeks declaratory judgment in the form of: a) a declaration that C.C. Eastern owes a duty to defend Overnight against claims asserted against it in a state court negligence action; b) a declaration that C.C. Eastern is obligated to immediately reimburse Overnight for defense costs incurred by Overnight in connection with defending the state court negligence action; and c) a declaration that C.C. Eastern must afford coverage to Overnight for any liability imposed upon it in the state court negligence action. Id.

Defendant C.C. Eastern filed a motion to dismiss arguing that Plaintiff has failed to state a claim against it because it is immune from such a suit pursuant to the Pennsylvania Worker's Compensation Act. Document # 19. More specifically, Defendant C.C. Eastern argues that pursuant to Section 481(b) of the Worker's Compensation Act, C.C. Eastern is immune for any suits for personal injuries brought by its own employees, including suits from third parties seeking indemnity for injuries incurred by C.C. Eastern's employees.

Plaintiff has filed an Opposition Brief [Document # 23] and Defendant C.C. Eastern has filed a sur-reply [Document # 24]. On May 17, 2007, Defendant C.C. Eastern filed a supplemental brief in support of its motion to dismiss arguing that due to a recent decision in the underlying state court action, the doctrine of issue preclusion bars the instant action against it. Document # 25. Plaintiff filed a reply brief arguing to the contrary. Document # 26. These issues are fully briefed and are ripe for disposition by this Court.

### B. Relevant Factual History

The instant federal court action arises out of a disagreement over insurance coverage involving an accident which occurred in January of 2002 when Donald Thomas, a truck driver who has been adjudged by a Worker's Compensation judge to be an employee of C.C. Eastern,

---

reimburse Overnight for defense costs in the state court negligence action; and c) a declaration that National Union must afford coverage to Overnight for any liability imposed on it in the state court action. Document # 1.

fell from a faulty loading dock on property owned by Plaintiff Overnight, a portion of which was leased to Defendant C.C. Eastern. Thomas filed a negligence action against Defendant C.C. Eastern, Plaintiff Overnight, and others in the Court of Common Pleas of Erie County in November of 2003. In November 2005, the state court granted C.C. Eastern's motion for summary judgment concerning all of Thomas' negligence claims against it. Remaining, however, was a claim against C.C. Eastern for indemnification asserted by Overnight in its new matter. See Document # 25-2, pages 1-7. On May 2, 2007, Judge Bozza entered an order granting summary judgment against Overnight in favor of C.C. Eastern. Id.

### C.    Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### D.    Issue Preclusion

Defendant C.C. Eastern argues that the claim against it should be dismissed from this action due to the doctrine of issue preclusion. Document # 25. Under the doctrine of issue

3

preclusion (otherwise known as collateral estoppel), a party may not relitigate an issue that was fully and finally decided in an earlier action. A federal court applying preclusion principles is bound by the Full Faith and Credit statute, 28 U.S.C. § 1738, and must give a prior state court judgment the same effect as would the adjudicating states. Haring v. Prosise, 462 U.S. 306, 313 (1983) citing Allen v. McCurry, 449 U.S. 90, 96 (1980); Davis v. United States Steel Supply, 688 F.2d 166, 170 (3d Cir. 1982). In other words, federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Allegheny Intern., Inc. v. Allegheny Ludlum Steel Corp., 40 F.3d 1416, 1429 (3d Cir.1994). Therefore, Pennsylvania state law regarding issue preclusion must be applied to the case at bar.

Under Pennsylvania law, in order for the doctrine of issue preclusion to prevent relitigation of an issue in a second court, the following elements must be met:

> (1) the issue decided in the prior action is identical to one presented in the later action;
>
> (2) the prior action resulted in a final judgment on the merits;
>
> (3) the party against whom preclusion is asserted was a party to the prior action; and
>
> (4) the party against whom preclusion is asserted had a full and fair opportunity to litigate the issue in the prior action.

Minnick v. City of Duquesne, 65 Fed.Appx. 417, 421 (3d Cir.(Pa.) 2003) citing Rue v. K-Mart Corp., 552 Pa. 13, 713 A.2d 82, 84 (1998).

### 1. Identity of Issues

This Court must compare the issues decided at the underlying state court proceeding with the claims raised in the instant action. In the present federal action, Plaintiff claims that pursuant to the terms of the real property lease between Defendant C.C. Eastern and Plaintiff Overnight, C.C. Eastern was required to maintain an insurance policy and was required to name Overnight as an additional insured. Plaintiff Overnight acknowledges that C.C. Eastern did maintain an insurance policy with co-Defendant National Union and that National Union has

4

refused to represent Plaintiff Overnight in conjunction with the claims brought against it in the state court negligence action. Plaintiff seeks a declaratory judgment that Defendant C.C. Eastern indemnify it. Defendant C.C. Eastern has moved for summary judgment based upon immunity under the Worker's Compensation Act.

In the state court action, Plaintiff Overnight also sought indemnity from Defendant C.C. Eastern. A review of the recent opinion granting summary judgment in favor of Defendant C.C. Eastern is helpful here. It provides, in relevant part:

> In November 2005, this Court entered an order granting C.C. Eastern's motion for summary judgment concerning all of Thomas' claims, finding that the facts were insufficient to support his claims of negligence against C.C. Eastern. However, there remained a claim against C.C. Eastern for indemnification asserted by Overnight in its new matter. It is that claim that is now the subject of C.C. Eastern's motion for summary judgment. It is C.C. Eastern's position that the indemnification provision of its lease with Overnight is not sufficient to have caused it to waive its immunity from suit, pursuant to the Pennsylvania Workmen's Compensation Act. Overnight has a contrary point of view.
>
> * * *
>
> The Pennsylvania Workman's Compensation Act provides that an employer is immune from any claims of indemnification unless such immunity is explicitly waived in a written contract. 77 P.S. § 481(b). The relevant part of the Act states as follows: "the employer, his insurance carrier, their servants and agents, employees, representatives acting on their behalf or at their request, shall not be liable to a third party in any action at law or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract." Although there is no disagreement between the parties about the applicability of this section to the circumstances presented here, they do disagree as to whether the language of indemnification included in the parties' lease agreement is sufficient to constitute an express waiver as the Act requires.
>
> * * *
>
> In the present case, the indemnity language contained in the agreement of the parties provides, in relevant part, as follows:
>
>> *The tenant [C.C. Eastern] shall indemnify, defend and hold landlord [Overnight] harmless from and against any and all civil penalties, criminal penalties, losses, claims, causes of action, damages, suits, judgments and costs, including without limitation reasonable attorney's fees and expenses, asserted against or incurred by landlord [Overnight] in any way arising out of or in connection with (i) any injury or death to persons or damage or destruction of property on or about the Premises... (iii) any acts or omissions of [C.C. Eastern] or of [C.C. Eastern] employees, agents, licensees, invitees, or guests on or about the premises ... anything to the contrary notwithstanding, [C.C. Eastern's] covenant to indemnify [Overnight] and save it harmless shall not include [Overnight's] negligence or misconduct.*

5

> Overnight argues that this language is like that found in the indemnity provision in <u>Bethlehem</u> and therefore sufficient to constitute a waiver of the Workman's Compensation Act immunity. C.C. Eastern on the other hand asserts that this language is more like that found in the indemnity provision in <u>Bester.</u> After a close review of the relevant portions of the indemnity provision of the parties' lease agreement, this Court finds C.C. Eastern's position persuasive.
>
> * * *
>
> Here, C.C. Eastern agreed generally to indemnify Overnight with regard to claims, causes of action or damages arising out of or in connection with any acts or omissions of C.C. Eastern or its employees. This broad language is similar to that found in <u>Bester</u> and <u>Pittsburgh Steel Company</u>.
>
> The circumstances of this case are also similar to those found in <u>Remas v. Duquesne Light Company</u>, 371 Pa.Super. 183, 537 A.2d 881 (1988). In <u>Remas</u>, an employee of Gregg Security Services, Inc. ("Gregg") was injured while acting within the scope of his duties. Duquesne Light Company ("Duquesne") wanted to join Gregg as a defendant, asserting that Gregg had agreed to indemnify it in these circumstances. The indemnity provision was as follows:
>
>> INDEMNIFICATION - To hold harmless and indemnify the Company from and against any liability, loss, damages, cost and expense which the Company may suffer from any claim, demand, action, suit or cause of action which may be made or had against the Company by reason of any act committed by the Contractor, its agents, servants or employees other than an act performed by the Contractor, its agents, servants or employees at the specific instruction of the Company.
>
> The lower court found that there was no express waiver of Workmen's Compensation act indemnity and the Superior Court agreed "... that the indemnify clause in the Duquesne-Gregg Agreement did not constitute an agreement by Gregg to indemnify and hold Duquesne harmless in the event Duquesne's negligence caused injury to a Gregg employee." <u>Id.</u> at 187, 537 A.2d 882. Applying the strict construction required by the court in <u>Remas</u>, the same conclusion must be reached in the case at bar.

The issue decided in the state court (i.e., the applicability of the Worker's Compensation immunity to C.C. Eastern) is identical to the issue raised herein.

### 2. **Identity of Judgment**

A final judgment has been rendered by the Court of Common Pleas of Erie County on the merits of the immunity issue. <u>See</u> Document # 25, Exhibit, Opinion of Court of Common Pleas Judge John Bozza.

### 3. Identity of Parties

Both Plaintiff Overnight and Defendant C.C. Eastern were parties to the first action thereby satisfying the third factor.  See Shelton v. Macey, 883 F.Supp. 1047, 1049 (E.D. Pa. 1995).  Following the dismissal of Thomas' negligence claims in state court, the remaining claim was one for indemnity asserted by Overnight against C.C. Eastern.  This is the same posture in which the parties find themselves in this action: Plaintiff Overnight is suing Defendant C.C. Eastern for a declaratory judgment that C.C. Eastern indemnify Overnight.

### 4. Full Opportunity to Litigate

Under Pennsylvania law, a full and fair opportunity to litigate "is presumed whenever state proceedings satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause."  Rider v. Pennsylvania, 850 F.2d 982, 991 (3d Cir. 1988), quoting Kremer v. Chemical Construction Corp., 456 U.S. 461, 481 (1982).  In Kremer, the Supreme Court recognized that "no particular single model of procedural fairness, let alone a particular form of procedure, is dictated by the Due Process Clause."  Kremer, 456 U.S. at 483.  However, "redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation."  Kremer, 453 U.S. at 481, quoting Montana v. United States, 440 U.S. 147, 164, n.11 (1979).

This Court notes that both Overnight and C.C. Eastern filed legal briefs arguing this issue of immunity under the Worker's Compensation Act before the state court and the state court thoroughly analyzed the issue before reaching a decision.  There is no reason to doubt the "quality, extensiveness, or fairness" of the proceedings in the state court action.

Accordingly, the doctrine of issue preclusion bars this Court's relitigation of this issue and the motion to dismiss by C.C. Eastern should be granted.

## III. CONCLUSION

It is respectfully recommended that the motion to dismiss filed by Defendant C.C.

Eastern [Document # 19] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: May 31, 2007