IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UPS FREIGHT, f/k/a OVERNITE TRANSPORTATION COMPANY,<br>    Plaintiff | ) )<br>) )<br>) | C.A. No. 06-137 Erie |
| v. | ) ) | **District Judge McLaughlin**<br>**Magistrate Judge Baxter** |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH and C.C. EASTERN, INC.,<br>    Defendants. | ) )<br>) )<br>) )<br>) )<br>) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for entry of judgment [ECF No. 77] be granted in part and denied in part.

### II.     REPORT

#### A.     Relevant Procedural History

On June 16, 2006, Plaintiff UPS Freight, formerly known as Overnite Transportation Company, filed the instant action for declaratory judgment against Defendant National Union Fire Insurance Company of Pittsburgh ("National Union"). As relief against Defendant National Union, Plaintiff has sought: a) a declaration that National Union owes a duty to defend Plaintiff against claims asserted against it in a state court negligence action; b) a declaration that National Union is obligated to immediately reimburse Plaintiff for defense costs in the state court negligence action; and, c) a declaration that National Union must afford coverage to Plaintiff for any liability imposed on it in the state court action. [ECF No. 1, Complaint]. Plaintiff was subsequently permitted to file a second amended complaint on October 30, 2006, adding C.C. Eastern, Inc. as a Defendant in this action, at the insistence of Defendant National Union. [ECF

No. 14]. As relief against C.C. Eastern, Plaintiff primarily sought declaratory judgment in the form of: a) a declaration that C.C. Eastern owes a duty to defend Plaintiff against claims asserted against it in a state court negligence action; b) a declaration that C.C. Eastern is obligated to immediately reimburse Plaintiff for defense costs incurred by Plaintiff in connection with defending the state court negligence action; and c) a declaration that C.C. Eastern must afford coverage to Plaintiff for any liability imposed upon it in the state court negligence action. Id.

On January 18, 2008, Plaintiff filed a motion for summary judgment against Defendant National Union, seeking a "determination that [Plaintiff] is entitled to a defense and liability insurance coverage with respect to claims asserted against [Plaintiff] in the underlying action Thomas v. Overnite, et al.," as a matter of law. [ECF No. 38]. In response, Defendant National Union filed an opposition and cross-motion for summary judgment [ECF No. 42], as well as a memorandum of law in support thereof [ECF No. 44], seeking a judicial determination that it does not have a duty to defend or indemnify Plaintiff in the underlying state court action (hereinafter referred to as "Underlying Action").

Although Plaintiff did not seek the entry of summary judgment directly against Defendant C.C. Eastern, said Defendant filed an opposition to Plaintiff's summary judgment motion and cross-motion for summary judgment [ECF No. 46], together with a memorandum of law in support thereof [ECF No. 47].[1] Defendant C.C. Eastern's opposition to Plaintiff's summary judgment motion was essentially identical to that of Defendant National Union, while its cross-motion sought a judicial determination that it "did not breach any obligations it owed to [Plaintiff] under the lease between those parties."

---

[1] This was done because C.C. Eastern's comprehensive general liability insurance policy with National Union is a "fronting policy," which would require C.C. Eastern to reimburse National Union for any amount National Union would incur in the defense and indemnity of Plaintiff in the underlying state court action. (See Affidavit of William Crowe attached as Appendix 3 to Document # 45, at ¶ 3).

2

On August 25, 2008, this Court issued a Report and Recommendation ("R&R") recommending that Defendant's cross-motions for summary judgment [ECF Nos. 42 and 46] be denied, and that Plaintiff's motion for summary judgment be granted as to Defendant National Union's duty to defend Plaintiff in the Underlying Action, but denied, without prejudice, as to Defendant National Union's duty of indemnification. [ECF No. 57]. Both Defendants filed objections to the R&R [ECF Nos. 58, 59], and oral argument on the objections was heard by District Judge Sean J. McLaughlin on September 22, 2008.

After hearing the parties' arguments, Judge McLaughlin issued an oral opinion declining to adopt the R&R. [See minute entry dated September 22, 2008]. Thereafter, Judge McLaughlin entered a written Order dated September 24, 2008, wherein he granted Plaintiff's motion for summary judgment to the extent Plaintiff sought reimbursement from Defendant National Union for counsel fees incurred in the defense of the Underlying Action through November 18, 2005, but denied said motion in all other respects; granted Defendant C.C. Eastern's summary judgment motion; and granted Defendant National Union's summary judgment motion to the extent that it sought a declaration that it has no obligation to indemnify Plaintiff for any potential liability resulting from the Underlying Action or to reimburse Plaintiff for attorney fees incurred in defense of The Underlying Action after November 18, 2005. [ECF No. 63]. Plaintiff filed a timely appeal from Judge McLaughlin's Order with the Third Circuit Court of Appeals on October 23, 2008 [ECF No. 65], and Defendants subsequently filed timely cross-appeals. [ECF Nos. 66, 67].

On May 3, 2011, the Third Circuit Court issued a Judgment affirming in part and reversing in part Judge McLaughlin's Order of September 24, 2008. [ECF No. 75]. In particular, the Third Circuit Court found that Defendant National Union owes Plaintiff a duty to reimburse Plaintiff's defense costs throughout the Underlying Action. (See ECF No. 76, USCA Mandate, at p. 12). Based on this finding, the Third Circuit Court vacated the partial grant of summary

judgment and declaratory relief in favor of Defendant National Union, and directed that judgment be entered in favor of Plaintiff on the duty to defend issue. (Id. at pp. 4, 13). Furthermore, due to the grant of declaratory relief against Defendant National Union, the Third Circuit Court found no merit in Plaintiff's alternative claim against Defendant C.C. Eastern, and the entry of judgment in favor of Defendant C.C. Eastern was affirmed. (Id. at p. 13 n.6). The instant case was then remanded to this Court for further proceedings consistent with the Third Circuit Court's opinion.

Upon remand, Plaintiff filed a motion for entry of judgment [ECF No. 77], requesting that judgment be entered in its favor against Defendant National Union in the following amounts: $187,754.81 for total fees and expenses incurred by Plaintiff in defending the Underlying Action (ECF No. 77 at p. 2 and Exhibit A thereto), plus prejudgment interest at the rate of six percent (6%) per annum from the date each payment of fees and/or expenses was incurred;[2] and $52,003.41 for total fees and expenses Plaintiff has incurred in the instant action. (See, ECF No. 80, Plaintiff's Supplement to Motion for Entry of Judgment, at Exhibit A). In addition, Plaintiff requests the entry of a declaration that Defendant National Union is obligated to pay all fees and expenses incurred by Plaintiff in the continuing defense of the Underlying Action since June 20, 2011 – the date of Plaintiff's motion.

Defendant National Union filed a response to Plaintiff's motion [ECF No. 81], objecting to the entry of judgment for any fees or expenses incurred by Plaintiff in the instant case because Plaintiff has neither shown, nor asserted, that Defendant National Union acted in bad faith, and objecting to Plaintiff's sole use of "Payment List Results" in support of its request for fees and expenses in the Underlying Action. Defendant C.C. Eastern also filed a brief in opposition to

---

[2] As of June 20, 2011, Plaintiff calculated the amount of pre-judgment interest at $36, 811.10. (See ECF No. 77 at p. 2 and Exhibit B attached thereto).

Plaintiff's motion [ECF No. 82], arguing that Plaintiff is not entitled to recover any fees or costs related to the instant declaratory judgment action.[3]

Plaintiff filed a reply to Defendant National Union's response [ECF No. 84], disputing the argument that Plaintiff must show the insurer's bad faith before it may recover attorneys' fees and costs in the instant matter, and providing further evidence in support of its request for attorneys' fees and costs in the Underlying Action.[4] Defendant National Union responded by filing a sur-reply to Plaintiff's motion for entry of judgment [ECF No. 87], arguing that Plaintiff's additional evidence in support of its request for attorneys' fees and costs incurred in the Underlying Action improperly includes 60.80 hours of attorney time that was actually spent on the instant case, rather than the Underlying Action. Plaintiff subsequently filed a reply to Defendant National Union's sur-reply [ECF No. 88], conceding that 60.80 hours of attorney time was inadvertently logged to the defense of the Underlying Action, rather than the instant case. Accordingly, Plaintiff has reduced its attorney's fee request for the defense of the Underlying Action to $180,206.31, plus interest, and has increased its attorneys' fee request in this case to $59,551.91.[5]

This matter is now ripe for consideration.

---

[3] Although judgment has already been entered in its favor, Defendant C.C. Eastern argues that it still remains a party in interest because, under the insurance policy at issue, it is obligated to reimburse Defendant National Union for the first $1,000,000 paid under the policy.

[4] The additional evidence consists of affidavits from Plaintiff's attorneys, Elizabeth E. Deemer, Esquire and Avrum Levicoff, Esquire, who attest to the reasonableness and necessity of the legal services provided to Plaintiff in the Underlying Action, as well as copies of detailed billing statements. [ECF Nos. 85, 86].

[5] In doing so, Plaintiff has documented that the 60.8 hours at issue amounts to $7,548.50 in attorneys' fees. (See ECF No. 88, Plaintiff's Reply to Defendant's Sur-reply, at p. 1 n. 1).

### B. Discussion

#### 1. Past and Future Defense Costs Incurred in the Underlying Action

Plaintiff is seeking reimbursement of defense costs it has incurred, and will continue to incur, in the Underlying Action. As noted above, Defendant National Union objected to Plaintiff's original reimbursement request because it was inadequately supported by "payment list results," which summarily listed "payment dates," "amounts," "payees," and in some instances "dates of service." (See ECF No. 81, Defendant National Union's response to Plaintiff's motion, at pp. 16-17). In response, Plaintiff submitted detailed billing statements documenting the legal services that have been rendered on behalf of Plaintiff in the Underlying Action, the dates of such services, the corresponding fees for such services, and the costs incurred. [ECF No. 86-2]. Plaintiff also submitted the affidavits of its legal counsel in the Underlying Action, who attest to the authenticity of the billing statements, as well as the reasonableness and necessity of the legal services described therein. [ECF No. 85, 86].

In light of Plaintiff's additional evidence detailing the nature and scope of the legal services rendered on its behalf in the Underlying Action, Defendant National Union has voiced no further objection to the manner in which the defense costs in the Underlying Action have been documented, nor has it otherwise objected to the reasonableness of the defense costs sought by Plaintiff, with the noted exception of the $7,548.50 in legal fees, which were erroneously included in Plaintiff's original fee request and which have since been removed by Plaintiff. (See ECF No. 87, Defendant National Union's sur-reply; ECF No. 88, Plaintiff's reply). In addition, Defendant National Union has not opposed Plaintiff's request for the imposition of prejudgment interest at the rate of 6% per annum on its past defense costs in the Underlying Action.

Thus, it is recommended that judgment be entered in favor of Plaintiff and against Defendant National Union in the amount of $180,206.31, plus prejudgment interest at the rate of

6% per annum, as reimbursement for the defense costs Plaintiff incurred in the Underlying Action as of June 30, 2011 -- the date Plaintiff filed its motion for entry of judgment. In addition, an Order should be entered declaring that Defendant National Union remains obligated to pay all defense costs Plaintiff has and will incur in its continuing defense of the Underlying Action since June 30, 2011.

### 2. Attorneys' Fees and Costs in the Instant Declaratory Judgment Action

Plaintiff also seeks to recover from Defendant National Union all attorneys' fees and costs it has incurred in the instant declaratory judgment action, asserting that "'but for' National Union's breach of the duty to defend, [Plaintiff] would not have been forced to initiate and doggedly pursue the instant action." (See ECF No. 79, Plaintiff's Brief, at p. 5). In making this assertion, Plaintiff recognizes that the Pennsylvania Supreme Court "has not yet addressed whether an insured that is compelled to institute litigation against a liability insurer that has flatly breached its duty to defend is entitled to recover consequential damages for litigation costs incurred by the insured to obtain the insurer's compliance with the duty to defend." (Id. at p. 6).

Thus, federal courts sitting in Pennsylvania have been left to predict how the Pennsylvania Supreme Court would resolve the issue. See Robertson v. Allied Signal, Inc., 914 F.2d 360, 378 (3d Cir. 1990). In doing so, Pennsylvania federal courts have uniformly followed the holding of the Pennsylvania Superior Court in Kelmo Enterprises, Inc. v. Commercial Union Ins. Co., 285 Pa.Super. 13, 426 A.2d 680 (1981), that "an insured who is compelled to bring a declaratory judgment action to establish his insurer's duty to defend an action brought by a third party may recover his attorneys' fees incurred in the declaratory judgment action **if the insurer has, in bad faith, refused to defend the action brought by the third party.**" Id. 426 A.2d at

685 (emphasis added).[6] See, e.g., Kiewet Eastern Co., Inc. v. L&R Construction Co., Inc., 44 F.3d 1194, 1205 (3d Cir, 1995) (recognizing that "[f]or more than a decade, Pennsylvania courts have permitted attorneys' fees [in a declaratory judgment action to establish an insurer's duty to defend], but only when the insurer has acted in bad faith"); Pacific Indem. Co. v. Linn, 766 F.2d 754, 769 (3d Cir. 1985) ("[a] court may award attorneys' fees and costs incurred in bringing an action to establish the duties to defend and indemnify where the insurer's refusal to defend is unreasonable and in bad faith"); Gideon v. Nationwide Mut. Fire Ins. Co., 2008 WL 768724 at * 5 (W.D.Pa. Mar. 20, 2008); Precision Door Co., Inc. v. Meridian Mut. Ins. Co., 353 F.Supp.2d 543, 556-57 (E.D.Pa. 2005) (predicting that "the state's highest court will ... uphold the application of Kelmo to a limited group of declaratory judgment actions," where the insurer's bad faith breach of duty to defend or indemnify caused the action to be brought). Accord Montgomery Ward & Co., Inc. v. Pacific Indem. Co., 557 F.2d 51, 60 (3d Cir. 1977) (finding that "Pennsylvania courts would allow recovery of attorneys' fees ... as a matter of public policy in order to prevent insurers from frustrating the contractual rights of the insured by forcing the insureds to bring a declaratory judgment action when the refusal to defend was unreasonable and in bad faith").

Plaintiff attempts to counter these holdings by arguing that the majority of courts in other states follow the "prevailing view" that an insured should be able to recover attorneys' fees in prosecuting a declaratory judgment action regardless of the insurer's good or bad faith in breaching its duty to defend. (See ECF No. 79, Plaintiff's brief, at pp. 8-9). Endorsing such a

---

[6] While it has not formally adopted the holding in Kelmo, the Pennsylvania Supreme Court referred to Kelmo approvingly in Mosaica Academy Charter School v. Commonwealth, 572 Pa. 191, 813 A.2d 813 (2002), and did not find the ruling in Kelmo to be erroneous. Id., 813 A.2d at 824. The Pennsylvania Superior Court subsequently noted in Regis Ins. Co. V. Wood, 2004 Pa.Super. 209, 852 A.2d 347, 351 (2004), that the line of cases following Kelmo "emphasizes that only the rather limited circumstances of an insurer's unreasonable and bad faith refusal to defend and indemnify require awarding attorneys' fees to effectuate a declaratory judgment."

view, however, would require this Court to disregard the uniform holdings of the courts within its immediate jurisdiction.

Thus, to recover its attorneys' fees incurred in the instant declaratory judgment action, Plaintiff must show that Defendant National Union acted in bad faith when it breached its duty to defend Plaintiff in the Underlying Action. The Third Circuit has defined bad faith as "any frivolous or unfounded refusal to pay proceeds of a policy, and that such conduct imports a dishonest purpose and means a breach of a known duty ... through some motive of self interest or ill will." UPMC Health Sys. v. Metro Life Ins. Co., 382 F.3d 497, 505 (3d Cir. 2005), quoting Terletsky v. Prudential Property and Cas. Co., 437 Pa.Super. 108, 649 A.2d 680, 688 (1994). In order to recover on a claim of bad faith, the insured must show that the insurer (i) did not have a reasonable basis for denying the benefits under its policy, and (ii) that it knew or recklessly disregarded its lack of reasonable basis in denying the claim. Rite Aid Corp. v. Liberty Mut. Fire Ins. Co., 414 F.Supp.2d 508, 522 (M.D.Pa. 2005), citing UPMC Health Sys., 382 F.3d at 505.

Here, Plaintiff has failed to prove either and, thus, has failed to show that Defendant National Union acted in bad faith in breaching its duty to defend. Accordingly, Plaintiff's motion to enter judgment against Defendant National Union should be denied to the extent Plaintiff seeks recovery of attorneys' fees it has incurred in the instant declaratory judgment action.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for entry of judgment [ECF No. 77] be granted in part and denied in part, as follows:

1. Plaintiff's motion should be granted to the extent Plaintiff seeks to recover reimbursement of attorneys' fees and costs it has incurred, and will continue to incur, in defense of the Underlying Action.

2. Plaintiff's motion should be denied to the extent Plaintiff seeks recovery of attorneys' fees and costs it has incurred in the instant declaratory judgment action.

In accordance with the foregoing, judgment should be entered in favor of Plaintiff and against Defendant National Union in the principal amount of $180,206.31, plus prejudgment interest at the rate of six percent (6%) per annum, for reimbursement of Plaintiff's attorneys' fees and costs in defense of the Underlying Action through June 30, 2011. In addition, an Order should be entered declaring that Defendant National Union shall remain obligated to pay all attorneys' fees and costs Plaintiff has and will incur in its continued defense of the Underlying Action since June 30, 2011.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 14, 2012

cc: The Honorable Sean J. McLaughlin
United States District Judge